**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**CASE NO.: 07-21451-CIV-COOKE/BROWN**

INTERNATIONAL FOOD PACKERS CORP.,

      Plaintiff,

v.

SAMPCO, INC.,

      Defendant.

_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Remand (5), filed June 27, 2007.  The Court having reviewed the Motion and being otherwise fully advised in the premises finds, for the reasons set forth below, that this matter should be remanded to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

**I.**  **BACKGROUND**

This case was removed to this Court on June 5, 2007.  In its Notice of Removal Defendant asserted that removal was proper pursuant to 28 U.S.C. §§ 1441 and 1446.  See Notice of Removal.  Specifically, Defendant alleged that this Court has diversity jurisdiction because "[a] fair reading of the Complaint for Damages places all parties on notice that the Plaintiff's claims, exclusive of interests and costs, will more likely than not, exceed seventy five thousand ($75,000.00) dollars."  Id. at ¶ 6.

**II.**  **REMOVAL STANDARD**

In removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists.  Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1281 (11th Cir.

2001).  Removal is permitted only where the case could have been filed in federal court originally.  Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir.1994).  Where the removing party asserts federal question jurisdiction, it must appear on the face of the plaintiff's properly pleaded complaint that a federal question is presented.  Dunlap v. G & L Holding Group, Inc., 381 F.3d 1285, 1290 (11th Cir.2004).  The removal statute itself is construed narrowly with doubt construed against removal.  See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 107-09 (1941).  A strict construction of the removal statute prevents "exposing the plaintiff to the possibility that they may win a final judgment in federal court, only to have it determined that the court lacked jurisdiction."  Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir.1997).

III.    **REMOVAL WAS IMPROPER**

In its Motion to Remand, Plaintiff contends that Defendant's assertion that a fair reading of the Complaint for Damages places all parties on notice that the Plaintiff's claims, exclusive of interests and costs, will more likely than not, exceed seventy five thousand ($75,000.00) dollars is insufficient to support removal.  Importantly, Defendant in its response brief did not contest Plaintiff's argument.  Instead, in its response, Defendant conceded that "remand is appropriate as this case is not yet ripe for removal."  Response at ¶ 2.  Additionally, Defendant requested that the Court withdraw its Notice of Removal.  Id.  Consequently, the Court shall remand this matter to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.  Accordingly, it is hereby

ORDERED AND ADJUDGED as follows:

1.      Plaintiff's Motion to Remand is GRANTED.

2.      Pursuant to 28 U.S.C. § 1447(c) this matter is REMANDED to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County,

Florida.

3.        This Court retains jurisdiction for the limited purpose of ruling upon Plaintiff's request for attorney fees.  See Seraphin v. Parapella, No. 07-60155, 2007 WL 1455971 at * 4 (S.D. Fla. May 16, 2007) (citing Bryant v. Britt, 420 F.3d 161, 166 (2d Cir.2005); Wisconsin v. Hotline Indus., Inc., 236 F.3d 363, 365 (7th Cir.2000); Stallworth v. Greater Cleveland Reg'l Trans. Auth., 105 F.3d 252, 255-57 (6th Cir.1997); Mints v. Educ. Testing Serv., 99 F.3d 1253, 1258-59 (3d Cir.1996); Moore v. Permanente Med. Group, 981 F.2d 443, 445 (9th Cir.1992)).

4.        The Clerk is directed to CLOSE this case.

DONE AND ORDERED in Chambers at Miami, Florida, this 11th day of July, 2007.

_____
MARCIA G. COOKE
United States District Judge

*Copies furnished to:*

*All Counsel of Record*